WHITE *v.* R. C. OWEN Co., et al.

No. 40596 December 2, 1957 98 So. 2d 650

*Arrington & Arrington,* Hazlehurst, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellees.

LEE, J.

O. O. White, on August 3, 1955, while working in the course of his employment with R. C. Owen Company, was accidentally struck by a chisel in the right eye. He was disabled and off the job until September 8, 1955. For the period of such disability, he was paid $128.57. He returned to work on September 9, and continued on the job at the same pay until May 4, 1956. The attending doctor, selected by the employer, on July 10, 1956, made a final evaluation report in which he rated the disability of the eye at 45 percent. The next day claimant, through his counsel, filed Forms B-5 and B-11, being the notice of injury and his desire to have his claim designated as a controverted matter.

At the hearing before the attorney-referee, the proof showed that the pupil of the right eye was almost twice as large as the left; that claimant had sustained a diminished visual acuity in this eye; and that this loss of visual acuity, combined with the loss of binocular vision in the extreme left field of vision beyond 35 degrees, has resulted in an overall 60 percent loss of use of the eye.

The attorney-referee found the disability to be 60 percent to the eye, and awarded the proportionate amount therefor, namely, 60 weeks at $25 per week. He refused to make any allowance for disfigurement. On successive appeals by the claimant, the action of the attorney-referee was affirmed by both the commission and the circuit court, and he has appealed here.

Claimant contends that, inasmuch as he has sustained a loss of binocular vision, he is entitled to receive benefits for the full period of 100 weeks. In other words, he main-

tains that, where there is any loss whatever of binocular vision, the eye, for industrial purposes, is a total loss.

Section 6998-09 (c) (16), Code of 1942 Anno., is as follows: "Binocular vision or per centum of vision: Compensation for loss of binocular vision or for eighty per centum (80%) or more of the vision of an eye shall be the same as for loss of the eye."

 The statute thus deals with loss of vision, both binocular and other. Evidently the legislature did not intend that a slight loss of binocular vision should be denominated as total loss of the eye, whereas loss of visual acuity or other vision would have to amount to at least 80 percent before it can be treated as total. There is no escape from the conclusion that, to warrant payment of compensation for 100 weeks, the loss must aggregate 80 percent or more, whether binocular or other vision.

 Section 15 (3) (p), Chapter 615, Laws of New York of 1922, is identical with the above quoted Mississippi statute. The New York Court, in the case of Gainey v. Warren Nash Motor Corp., 245 N. Y. Supp. 371, interpreted that paragraph. In that case there was a partial loss of binocular vision, but not a total loss of the eye, and the court said: "The paragraph cited contemplates a substantially complete loss of binocular vision in order that compensation may be made for the loss of an eye." Cf. also C. F. Massett v. Amerford Coal Mining Co., 82 Pa. Supp. 579, and Moen v. Industrial Commission, 8 N. W. 2 368, a Wisconsin case. Consequently there was no error in this respect.

Claimant also contends that, on account of the disproportionate size of the pupil of the right eye, he was entitled to be awarded compensation for disfigurement under Section 6998-09 (c) (20), Code of 1942 Anno. That paragraph is as follows: "Disfigurement: The commission, in its discretion, is authorized to award proper and equitable compensation for serious facial or head dis-

figurements not to exceed two thousand dollars ($2,000.-00). Provided,however, no such award shall be made until a lapse of one year from the date of the injury resulting in such disfigurement.''

■■ The attorney-referee, in his finding of fact, said that the enlarged pupil was noticeable, but he did not consider it a serious facial or head disfigurement in the meaning of the statute. The claimant as long as he continued to work for the appellees, received the same wage as he did before the injury. The award of compensation for serious facial or head disfigurement is, by the compensation act, left to the discretion of the commission. ■■ In refusing to make an award for disfigurement, there is no sufficient basis on which it can be said that the commission abused its discretion.

Consequently it is unnecessary to give consideration to those cases, cited by appellees, which hold that compensation cannot be awarded for disfigurement occasioned by the loss or damage of a member, if compensation is allowed for such member's loss or damage, as held in Hansen v. Dakota Transportation Co., 273 N. W. 261, a South Dakota case, and Smith v. Revere Copper & Brass, Inc., 76 Atl. 2d 147, a Maryland case; nor is it necessary to consider the other line of cases which require that the disfigurement must be such as to impair earning capacity, as held in Indiana Limestone Co. v. Stockton, 163 N. E. 27, an Indiana case, and Stone v. Ware Shoals Mfg. Co., 7 S. E. 2d 226, a S. Carolina case.

Appellant further contends that he was entitled to an award of both the 10 and 20 percent penalties which he claimed under Section 6998-19 (e) and (f), Code of 1942 Anno.

■■ From the report of the doctor, on July 10, 1956, the appellees were informed that the total disability to the right eye was 45 percent. Under paragraph (b) of the above section, payment was due the fourteenth day thereafter unless they controverted the right to compen-

sation, as provided by paragraph (d) thereof. They did not controvert. The claimant did, which meant that he thought he was entitled to compensation for a longer period. His act did not operate as a controversion for the employer. The appellees made no payment even following the decisions of the attorney-referee, the commission or the circuit court. They must have been satisfied therewith because they did not even attempt to appeal.

This Court has held that the requirement on the part of an employer to pay compensation within fourteen days after it becomes due, unless a notice is filed within that period stating that the right to compensation is controverted, is mandatory in the absence of a showing that it is not possible to make payments within the stated time. Southern Engineering & Electric Co. v. Chester, 226 Miss. 136, 83 So. 2d 811.

Appellees attempt to excuse their neglect by claiming that they tendered the proper amount of compensation, and that it was refused. There is no sufficient showing of tender in this record. They justify this contention by quoting an excerpt from the brief of the appellant which was filed with the commission on appeal.

Briefs of counsel form no part of the record, and should not be included in the transcript. But the excerpt, taken out of the context, does not justify such an interpretation. The appellees were in fault under the act, and the 10 percent penalty should have been allowed.

There was a review of the compensation order making the award. Consequently it was not mandatory that the commission should assess the 20 percent penalty, provided for by paragraph (f), even though the review was not at the instance of the appellees.

The order of the commission in allowing benefits for a 60 percent disability to the eye, in disallowing additional compensation for disfigurement, and in failing to allow the 20 percent penalty is affirmed; but such order, in fail-

ing to assess the 10 percent penalty, is reversed and a judgment therefor will be entered here for the appellant.

Affirmed in part, reversed in part and judgment here thereon, and remanded to the commission.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.