WILLIAMS *v.* ROY MOTOR COMPANY, et al.

No. 41308          December 7, 1959          115 So. 2d 924

*Arrington & Arrington,* Hazlehurst, for appellant.

*Young, Daniel & Coker, F. J. Lotterhos, Jr.,* Jackson, for appellee.

KYLE, J.

The appellant, Q. C. Williams, sustained a severe injury to his left eye on June 13, 1956, while engaged in the performance of his duties as an employee of the Roy Motor Company in the City of Hazlehurst. He was taken to the hospital immediately and underwent surgery for the removal of the eyeball. The accident was reported promptly to the Mississippi Workmen's Compensation Commission. The appellant was discharged from the hospital on June 18, 1956, and returned to work one month later. The appellant was paid compensation for temporary total disability as provided in Section 6998-9(b), Mississippi Code of 1942, Recompiled, for the period beginning June 14 and ending July 17. The employer and its insurance carrier also paid the medical expenses and hospital bills incurred on account of said injury.

On June 26, 1956, the appellant filed with the commission on its Form B-5 notice of injury and claim for compensation benefits for the loss of the eye and disfigurement. An agreement providing for the payment of compensation for the disability resulting from the loss of the eye was executed by the employer and its insurance carrier and the appellant on July 18, 1956. By the terms of that agreement the employer and its insurance car-

rier agreed to pay, and the appellant agreed to accept, compensation at the rate of $21.62 per week for a term of 100 weeks as compensation for the permanent partial disability resulting from the loss of the eye. No action was taken at that time by the commission on the appellant's claim for disfigurement. But, on August 7, 1957, after the lapse of one year from the date of the injury, the appellant's attorneys requested a hearing to determine whether or not the appellant was entitled to an award of compensation for disfigurement resulting from the enucleation of the eye, and if so, the amount of such award. A hearing was granted on that application on October 7, 1957, and at the conclusion of the hearing the attorney-referee denied the appellant's claim for additional compensation on account of the disfigurement complained of. The order of the attorney-referee denying the claim was affirmed by the full commission and by the circuit court; and the case is now before us on appeal from the judgment of the circuit court affirming the order of the commission.

The testimony offered on behalf of the appellant shows that the appellant received no scars or injury to his head or face other than the loss of his left eye, and that the appellant has been fitted with a custom-built artificial eye which matches perfectly his right eye in color and in shape. The appellant offered in evidence a photograph, which shows him with the artificial eye in place. The photograph has been made a part of the record on this appeal; and the photograph shows the marked similarity in appearance of the two eyes. The appellant testified that he removed the artificial eye from its socket each Sunday, while he was at home, and soaked it for about five or ten minutes. The appellant also testified that at the time of the hearing he was working as a mechanic's helper for the same employer and at the same kind of work as before his injury, and that his work consisted mainly of washing and greasing cars at his employer's garage and service station.

The attorney-referee was of the opinion that, since the legislature had specifically set a limit in Section 6998-09 (c) (5), Code of 1942, Recompiled, to the number of weeks' compensation to which a claimant is entitled for "loss of an eye," it was logical to assume that, if the legislature had intended for the loss or enucleation of an eye to be the basis for compensation in addition to that specifically stated in said Section 6998-09 (c) (5), such a provision would have been written into the statute. The attorney-referee was also of the opinion that, if it were conceded that an award for disfigurement under subparagraph (c) (20) of said Section 6998-09 were proper for an accidental injury resulting in the loss of an eye, it did not appear that the claimant in this case would be entitled to an award for disfigurement, for the reason that the artificial eye provided for him so closely resembled the natural eye that the claimant had suffered no serious disfigurement as a result of the accidental injury and consequent loss of the eye.

The appellant's attorneys have assigned and argued only one point as ground for reversal of the judgment of the lower court, and that is, that the court erred in refusing to order that a proper award of compensation be made for the disfigurement suffered by the appellant as a result of the enucleation of the eye.

The provisions of the Mississippi Workmen's Commission Act brought under review in this case are set forth in Section 6998-09 (c), Code of 1942 Recompiled, as follows:

"Section 6998-09. *Compensation for disability.*—Compensation for disability shall be paid to the employee as follows:

"* * *

"(c) Permanent partial disability: In case of disability partial in character but permanent in quality, the compensation shall be sixty-six and two thirds per

centum (66⅔%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, which shall be paid following compensation for temporary total disability paid in accordance with subdivision (b) of this section, and shall be paid to the employee as follows:

"Member lost          Number Weeks Compensation
"* * *

"(5) Eye                              100
"* * *

"(16) Binocular vision or per centum of vision: Compensation for loss of binocular vision or for eighty per centum (80%) or more of the vision of an eye shall be the same as for loss of the eye.
"* * *

"(18) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member.
"* * *

"(20) Disfigurement: The commission, in its discretion is authorized to award proper and equitable compensation for serious facial or head disfigurements not to exceed two thousand dollars ($2,000.00). Provided, however, no such award shall be made until a lapse of one year from the date of the injury resulting in such disfigurement."

In support of their contention that the commission and the circuit court erred in denying the appellant's claim for compensation for disfigurement resulting from the loss of the eye, the appellant's attorneys cite Case et al. v. Pillsbury (CCA 9th), 148 F. 2d 392; General Motors Corporation v. Vaccarini (Del. Superior), 93 A. 2d 739, and Elkins v. Lallier, 38 N. M. 316, 32 P. 2d 759.

But the decisions of the courts in those cases are of little help to us in this case, for the reason that the provisions of the statutes which the courts had under

consideration in those cases were unlike the provisions of our own statute.

In Case v. Pillsbury, supra, the record showed that a foreign body had entered the claimant's eye causing an ulcer and 80 per cent loss of vision. The deputy commissioner awarded compensation for 140 weeks at $25 per week for parmanent partial disability and $750 for serious facial and head disfigurement, the exact nature of which is not shown in the opinion. The allowance for disfigurement was made under Section 8, subdivision (c) (20) of the "Longshoremen's and Harbor Workers' Compensation Act" of 1927, (33 U.S.C.A., par. 908) which provides as follows: "(20) Disfigurement: The deputy commissioner *shall* award proper and equitable compensation for serious facial or head disfigurement, not to exceed $3,500." The Circuit Court of Appeals affirmed the award made by the deputy commissioner. In General Motors Corporation v. Vaccarini, supra, the record showed that the claimant had suffered a partial loss of vision as a result of an accidental injury to his right eye. The Industrial Accident Board ma(de an award of compensation for a 35 per cent loss of vision of that eye, and in addition thereto the Board made an allowance for disfigurement due to a white scar which the injury had left on the eye. The allowance for disfigurement was affirmed under authority of Section 10 (g) of the Delaware Workmen's Compensation Act, which provided that, "The Board *shall* award proper and equitable compensation for serious and permanent facial or head disfigurement; * * *."

In Elkins v. Lallier, supra, the Court had under consideration Section 57-918, N. M. Sta. 1941, Annotated, which, immediately following the schedule of specific injuries for which compensation was fixed in money units for stated periods of time, expressly provided that, "If any workman is seriously permanently disfigured about the face or head, the court may allow *such ad-*

*ditional sum* for compensation on account thereof as it may deem just, but not to exceed a maximum of seven hundred fifty ($750.00) dollars.'' The Court, in approving the award in that case, made special reference to the fact that the legislature had clearly authorized an award for disfigurement as ''an additional sum,'' in addition to disability resulting from the loss of the member.

It can be readily seen that the decisions rendered in the above mentioned cases are of little value to us in this case.

Larson says that, ''Largely due to differences in wording of the disfigurement statutes, there is a division of opinion on whether an award can be made for both loss of a member and statutory disfigurement resulting from the same loss.'' Larson's Workmen's Compensation Law, Vol. 2, par. 58.31. There are numerous cases cited in the footnote and Cumulative Supplement to Larson's treatise which confirm that statement. The decisions of the courts in each jurisdiction are for the most part expressly premised upon statutory provisions either allowing or disallowing in haec verba additional compensation for disfigurement of a member when compensation for loss of function thereof is had.

This Court has had before it only one case in which it has been called upon to consider the question of an award of compensation for facial or head disfigurement under Code Section 6998-09 (c) (20), and that is the case of White v. R. C. Owen Co., Miss. 1957, 98 So. 2d 650, which was decided on December 2, 1957. In that case the claimant sought to recover compensation for disability resulting from injury to the right eye and an additional award for facial or head disfigurement on account of an enlargement of the pupil of the eye to almost twice the size of the pupil of the left eye. The attorney-referee awarded compensation for a 60 per cent disability to the eye, but refused to make an additional

allowance for disfigurement. The action of the attorney-referee was affirmed by the commission and the circuit court, and on appeal to this Court the order of the commission disallowing the claim for disfigurement and the judgment of the circuit court affirming that order were affirmed by this Court. In holding that the commission did not abuse its discretion in refusing to make an award for disfigurement in that case, this Court in its opinion said:

"The attorney-referee, in his finding of fact, said that the enlarged pupil was noticeable but he did not consider it a serious facial or head disfigurement in the meaning of the statute. The claimant as long as he continued to work for the appellees, received the same wage as he did before the injury. The award of compensation for serious facial or head disfigurement is, by the compensation act, left to the discretion of the commission. In refusing to make an award for disfigurement, there is no sufficient basis on which it can be said that the commission abused its discretion."

There was no disfigurement in this case other than the disfigurement resulting from the enucleation of the eye. Whether in a particular case a separate award should be made "for serious facial or head disfigurement," and if so, its size, not exceeding the authorized maximum, the legislature has seen fit to leave to the discretion of the commission. The attorney-referee and the commission did not consider the disfigurement a serious facial or head disfigurement within the meaning of the statute. What the appellant would have us do in this case is to hold as a matter of law that the commission abused its discretion when it denied the appellant's claim for an additional award for disfigurement resulting from the loss of a member for which definite compensation has been fixed by the legislature. This we cannot do. We think that under the facts in

this case it cannot be said that the commission abused its discretion in denying the claim. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.