Alicia TORRES, a feme sole, Appellant,

v.

Milton GOLDMAN, d/b/a Popular Cleaners, and Texas Employers Insurance Association, Appellees.

No. 5401.

Court of Civil Appeals of Texas.

El Paso.

May 18, 1960.

Rehearing Denied June 1, 1960.

Albert Armendariz, Richard C. White, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellees.

FRASER, Justice.

Our former opinion in this case is hereby withdrawn and the following opinion substituted as the final opinion of this court:

## Opinion

This is a workmen's compensation case. Appellant complains of the action of the trial court in basing the award for her injuries on the basis of 150 weeks. Appellant injured her right forearm and hand while working in the appellee's cleaning establishment. The injury consisted of a third-degree burn, resulting, according to the testimony, in some partial, permanent loss of use of the hand, and disfigurement of the skin surface of the hand and arm. There was considerable testimony about the skin grafting and nature of her injury.

The jury found that she suffered seventeen weeks' total disability, and there is no complaint about this finding, or the assessment of recovery in the lower court. The jury further found that she had suffered some permanent partial disability of her hand. They further found that the injuries resulted in a physical disfigurement which will impair her usefulness or occupational opportunities. The jury then found that the injury was confined solely to her right arm below the elbow. Then Special Issue No. 8 was submitted, as follows:

"Find from a preponderance of the evidence, the percentage of partial disability, if any you have found in answer to Question No. 3, including the disfigurement, if any, inquired about in Question No. 6? Answer by giving the percentage, in number, if any.

"We answer: 20%."

Article 8306, Vernon's Annotated Texas Civil Statutes, section 12, enumerates the compensation allowed for loss, or loss of use of, the various members of the body. After this enumeration the following paragraph appears in said Article:

"In all other cases of partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury."

This paragraph then provides that the percentage shall be figured on a schedule not to exceed 300 weeks.

As will be seen by the working of Special Issue No. 8, set forth above, disability and disfigurement were combined in one issue. The court then proceeded to allow compensation on the basis of 150 weeks, which is the limit for the loss of use of hand.

This case has presented considerable difficulty, and we have not been able to find any satisfactory precedent to guide us in our deliberations. We have concluded, however, that the statute, Article 8306, section 12, contemplates compensation for loss, or loss of use of, a hand or other member of the body; and further provides that the injured person shall be compensated percentage-wise for the impairment of future usefulness or occupational opportunities due to disfigurement, this to be determined on a maximum 300-week basis.

We have reached the conclusion that the situation here is covered by the paragraph in the above cited statute. We believe that the Legislature intended to designate disfigurement as a separate type of incapacity, to be regulated or compensated on a 300-week basis. This general injury, or disfigurement, we think, should be the quotient in the case before us.

The action of the trial court in figuring compensation on a basis of 150 weeks was, therefore, in error, and must be reversed.

For the reasons set forth above, the decision of the trial court is reversed and remanded, with instruction to figure appellant's recovery on a 300-week basis.