**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Juan PEREZ, Appellee.**

No. 01–83–00409–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 21, 1984.

Rehearing Denied July 25, 1984.

Robert L. LeBoeuf, Rainey & LeBoeuf, Angleton, for appellant.

William S. Featherston, Crawford, Grissom, Crow & Richards, Jim Richards, Crawford, Grissom, Crow & Richards, Houston, for appellee.

Before DUGGAN, SMITH and BULLOCK, JJ.

## OPINION

DUGGAN, Justice.

Texas Employers' Insurance Association appeals from a judgment awarding workers' compensation benefits. The central issue is whether disfigurement to a worker's torso is a specific injury, for which a percentage of incapacity should be determined under Tex.Rev.Civ.Stat.Ann., art. 8306, sec. 12 (Vernon Supp. 1984), or a general injury, for which loss of earning capacity should be found under art. 8306, sec. 11.

Appellee, Juan Perez, was injured at his workplace on November 18, 1980, when molten plastic splashed onto his left forearm and chest. By the time of trial the burns on his forearm and chest had healed, but extensive scarring remained. The only issues at trial were the extent and duration of injury and whether or not hardship existed.

The trial court entered judgment based on jury findings that appellee sustained 40% permanent partial incapacity to his left arm; that he sustained 40% permanent partial incapacity because of disfigurement to his chest; and that hardship did exist.

Appellant's first and second points of error contend that the trial court erred in submitting, over its objection, special issues which asked the jury to determine a percentage of incapacity caused by disfigurement to appellee's chest because such disfigurement arose from a general injury to appellee's body. Appellant does not complain about the issues submitted or jury findings as to the percentage of incapacity caused by the injury to appellee's forearm. These issues inquired about partial loss of use of appellee's left forearm and did not ask about any resulting disfigurement to the arm.

The special issues objected to, numbers 6 through 9, asked (1) whether the disfigurement, if any, to the claimant's chest was a producing cause of any incapacity to him

(answered affirmatively); (2) whether such incapacity was permanent or temporary (answered "permanent"); (3) if the incapacity was temporary, the ending date of such incapacity (not answered); and, (4) if the incapacity was permanent, the percentage of incapacity caused by the disfigurement (answered "40%").

Article 8306, sec. 12 sets out both a schedule and a formula for calculating specific compensation due for compensable injuries. The final paragraph of this section provides:

> In all other cases of partial incapacity, *including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee,* compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury *or disfigurement,* the occupation of the injured employee, and the age at the time of the injury. The compensation paid therefor shall be calculated by first determining a basic figure amounting to sixty-six and two thirds per cent (66⅔%) of the average weekly wages of the employee, but which basic figure shall not exceed the maximum weekly benefit set forth in Section 29 of this article; such basic figure shall then be multiplied by the percentage of incapacity caused by the injury, and the result shall be the weekly compensation which shall be paid for such period not exceeding three hundred (300) weeks as the Board may determine. Whenever the weekly payments under this paragraph would be less than Three Dollars ($3) per week, the period may be shortened, and the payments correspondingly increased by the Board. (Emphasis added).

Appellant's objections to the disputed special issues are (1) that disfigurement is not a specific injury under art. 8306, sec. 12; (2) that issues number 6, 7, 8, and 9 inquire factually of matters about which the Workers' Compensation Law does not provide a remedy; and, (3) that the Texas Workers' Compensation Law does not provide a remedy for disfigurement alone.

In support of these objections the appellant argues that the Texas Supreme Court in *Goldman v. Torres,* 161 Tex. 437, 341 S.W.2d 154 (1960) held that the Texas Workers' Compensation Law does not provide a remedy for disfigurement alone. We disagree with appellant's interpretation of the holding in *Goldman.*

In *Goldman,* the respondent was burned on her right arm below the elbow, resulting in injury and disfigurement to that arm. All of her injuries, including the disfigurement, were confined solely to her right arm below the elbow, and she contended that the physical disfigurement to her arm was a separate and distinct injury from the specific injury to the same arm. The supreme court disagreed, holding that where a claimant sustains an injury to one member of the body, which includes disfigurement, the accompanying disfigurement is a part of the injury, and the claimant cannot recover separately for the disfigurement.

Accordingly, *Goldman* is not dispositive of the issue before us, which inquired about the percentage disability caused by the disfigurement to appellee's chest, and not about incapacity to his body generally.

In contending that the workers' compensation law does not provide a remedy for disfigurement as a specific injury, appellant argues that "specific" injuries are those enumerated in art. 8306, sec. 12, except for hernia benefits provided for in sec. 12b; that the scheduled benefits serve as a statutory exception to the provisions of art. 8306, sec. 11; and that the "bare recital" of the term "disfigurement" in the text of sec. 12 following the schedule does not make disfigurement a specific injury.

Appellant points out that the court in *Goldman* states "[t]he Legislature of Texas could have easily enacted as a part of Section 12 a schedule for disfigurement awards." Taken in isolation, the quoted language seems to indicate that since there is no disfigurement schedule in sec. 12 of art. 8306, disfigurement cannot be considered a specific injury. We conclude that

this language cannot be isolated from the remaining language employed by the court in its interpretation of the last paragraph of sec. 12. It is true that there are no schedules of disfigurement awards as there are for other especially enumerated injuries, such as loss of a thumb, loss of a first finger, etc. However, as stated by the court in *Goldman*:

> [I]t is evident that by the use of the words: "In all other cases of partial incapacity," in the beginning of the last paragraph of Section 12, *supra*, the legislature contemplated the payment of compensation for disfigurement only in cases where the workman sustained a compensable disfigurement of *some member or part of the body other than the specifically injured member.*
>
> \* \* \* \* \* \*
>
> [I]n view of the reference to "all other cases of partial incapacity" in the opening words of the last paragraph, *we hold that such words limit the statute's application to those injuries not theretofore mentioned,* [injuries to specific members of the body] which includes any disfigurement which will impair the future usefulness *or* occupational opportunities of the injured employee. (Emphasis added).

*Id.* at 160.

■ To hold that the Texas Workers' Compensation Act does not provide a remedy for disfigurement alone would be to nullify the disfigurement-related language in section 12's last paragraph. It is clear from *Goldman* that a claimant who sustains an injury to one bodily member, resulting in both incapacity and disfigurement to that member, cannot recover for both the injury and the disfigurement. But where the claimant sustains "a compensable disfigurement of some member or part of the body *other than the specifically injured member*", then the Act provides a remedy.

■ Since the decision in *Goldman*, art. 8306, sec. 12 has been amended twice. In both the 1969 and the 1973 reenactments,

the only change made by the Legislature, despite the supreme court's holding in *Goldman*, was in the amount of compensation recoverable. It is well settled that where a statute has been construed by the supreme court and is re-enacted without any substantial change of verbiage, the statute will continue to receive the same construction. *Texas Employers' Insurance Association v. Holmes*, 145 Tex. 158, 196 S.W.2d 390, 395 (1946).

The term "disfigurement" appears in the Workers' Compensation Law only in the last paragraph of sec. 12 of art. 8306. We do not find, nor have we been referred to, any other place in the statute that deals with disfigurement as a compensable injury. The statute sets out a schedule of injuries for which specific amounts of compensation are recoverable. The last paragraph of this "specific compensation" section deals with disfigurement, provides a remedy for disfigurement in appropriate circumstances, *i.e.*, cases wherein disfigurement amounts to partial incapacity impairing the injured employee's future usefulness or occupational opportunities, and sets out the formula for determining the specific amount of compensation recoverable.

The terms "general injury" and "specific injury" are not defined in the Texas Workers' Compensation statute, although the term "injury" is defined in sec. 20 of art. 8306 as "damage or harm to the physical structure of the body."

■ Appellant takes the position that appellee's disfigurement is a general injury because it is to the torso rather than to one of the specified members of the body scheduled in art. 8306, sec. 12. There is no evidence in the record that the disfigurement injury to the appellee's chest extends to and affects his body generally. The site of the trauma and its immediate effects are not necessarily determinative of the *nature and extent* of the compensable injury. *Western Casualty and Surety Company v. Gonzales*, 518 S.W.2d 524, 526 (Tex. 1975). Any injury to any member or part of the body can be a specific injury despite

the fact that the injury is not one among those specifically enumerated in the schedule in sec. 12 of art. 8306. If the injury to the particular member extends to and affects portions of the body beyond the member, then the injury becomes a general injury, and other sections of the Workers' Compensation Law govern the recovery allowed. *Gonzales*, at 525.

 Based on the language of the last paragraph of art. 8306, sec. 12 and the Texas Supreme Court's interpretation of that portion of the statute in *Goldman*, we hold that the submission of the special issues complained of was not error. Appellant's points of error one and two are overruled.

Appellant's points of error three through six are predicated on a finding that the trial court committed error in submitting the special issues complained of in points of error one and two. Because we hold there was no error in the submission of these issues, appellant's points of error three through six are not reached.

By a cross-point, appellee contends that the trial court erred in entering judgment based upon *only* the percentage incapacity caused by disfigurement to appellee's chest, rather than cumulating that amount with the amount due under the jury's finding of loss of use to appellee's left forearm.

By a reply point in a supplemental brief, appellant urges that appellee is not entitled to appellate review of any alleged error raised by his cross-point because he did not except to the judgment, give notice of appeal, or "in any manner give notice to the [trial] court of his dissatisfaction with the judgment," citing *West Texas Utilities Company v. Irvin*, 161 Tex. 5, 336 S.W.2d 609 (1960); *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866 (Tex. 1968); and *Visage v. Marshall*, 632 S.W.2d 667 (Tex. App.—Tyler 1982, writ ref'd n.r.e.).

 Appellee responds that he preserved the error complained of for appellate review by requesting, in a motion to supplement the record, that all proposed judgments filed among the papers of this case

in the Harris County Clerk's Office be included in a supplemental transcript. With no objection being made, appellee's request was granted, and a supplemental transcript was filed which shows a proposed form of judgment in the clerk's file bearing the notation "Not signed." The proposed form of judgment grants a cumulative award for concurrent specific injuries, pursuant to art. 8306, sec. 12, for partial loss of use to appellee's left arm below the elbow and for permanent partial incapacity caused by appellee's chest disfigurement. We hold that the submission of such an alternate form of proposed judgment sufficiently apprised the trial court of appellee's request for the cumulative award now urged in the cross-point.

 The judgment entered by the court awarded recovery based solely on the chest disfigurement, the longest of the two periods of incapacity found, in conformity with the language of the first part of the relevant paragraph of art. 8306, sec. 12. Such a judgment would be appropriate for concurrent injuries to the *same* member. However, the language of the last part of the subject paragraph of art. 8306, sec. 12 controls the computation of recovery due:

> [T]his section shall not affect liability for the *concurrent loss* or the loss of use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

Appellee's injuries were to two separate and distinct parts of the body, and each injury resulted in permanent partial disability. The Texas Supreme Court construed this computation paragraph of sec. 12 in the case of *United States Fidelity and Guaranty Co. v. London*, 379 S.W.2d 299 (Tex. 1964), as follows:

> [T]he first clause thereof applies to *temporary* loss or loss of use of specific members resulting from injuries received in one accident so that such concurrent incapacities may not be cumulated, but the employee receives "compensation only for the injury which produces the

longest period of incapacity." The last clause of this paragraph ... has application only to total loss, to *permanent partial loss* or the permanent total loss of use of a specific member, or members. *As to such incapacities which are permanent, the employee shall be entitled to cumulate the recovery of compensation as to time and not concurrent.* (Emphasis added).

*Id.* at 302. When there are two separate and distinct specific injuries that result in permanent incapacities, such as in the case at bar, the recovery for such permanent incapacities should be cumulated. Appellee's cross-point is sustained, and the judgment will be remanded to the trial court for computation of an award representing the cumulation of permanent partial loss of use of appellee's left arm and the incapacity caused by the disfigurement to appellee's chest, plus costs and statutory interest from the date the judgment was signed until paid.

The judgment is affirmed in part, and reversed and remanded in part for entry of judgment.

Publication. Tex. R. Civ. Pro. 452.