## ÆTNA LIFE INS. CO. v. PALMER et al.*
### (No. 6992.)

(Court of Civil Appeals of Texas. Austin. June 16, 1926.)

**I. Master and servant ☞375(2).**

Generally, Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) does not apply to workmen injured while going to or from work, in view of articles 5246—5, 5246—82.

**2. Master and servant ☞375(2)—Factory foreman, injured on way to employer's premises to determine whether workmen could report, held not engaged in employer's business within Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—I et seq.).**

Factory foreman performing services on employer's premises *held* not engaged in employer's business within Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), when run over by truck while attempting to enter friend's automobile on way to such premises early in morning to ascertain their suitability for workmen to report for duty, at employer's expense, though he was subject to employer's call at all times.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by Mrs. Laura J. Palmer, for herself and as next friend of her minor children, against the Ætna Life Insurance Company, to set aside an award of the Industrial Accident Board refusing compensation for the death of John P. Palmer. Judgment for plaintiffs, and defendant appeals. Reversed and rendered. ·

Taliaferro, Cunningham & Moursund, of San Antonio, and White, Wilcox, Graves & Taylor, of Austin, for appellant.

Dickens & Dickens, of Austin, for appellees.

                         *

BLAIR, J. Mrs. Laura J. Palmer, for herself and as next friend of her minor children, sued appellant to set aside an award of the Industrial Accident Board refusing them compensation on account of the death of John P. Palmer, husband and father, and recovered judgment.

The sole question on this appeal is whether there is any evidence to support the verdict of the jury and the judgment of the court that deceased sustained the injuries which resulted in his death "while engaged in or about the furtherance of the affairs or business of his employer," under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.). As general foreman of the Austin Sash & Door Company, a manufacturing plant situated in the city of Austin, he was covered by a policy issued to the company by appellant under the Workmen's Compensation Act. He supervised some 33 other employés of the company, and was subject to call by his employer at any time, day or night, for the seven days of the week, and for his services received a weekly salary. The plant had been shut down because of the extreme cold weather then prevailing, and in the late afternoon of January 27, 1925, he was instructed by the president of the company to be at the plant early the following morning to ascertain if weather conditions would permit the workmen to report for duty at their usual hour, 8 o'clock. This was done in order to save expenses of the workmen who would report unless notified by deceased that the premises were not suitable. The company was also anxious to commence operations as soon as possible, on account of some urgent contracts it had on hand. Pursuant to these instructions, deceased left his home on Sabine street about 7:10 o'clock, for the premises of his employer, walking down Red River street, a public street in the city of Austin, and the most direct and practical route for him to travel, and, while attempting to get into an automobile of a friend which had stopped for him, he was run over by another automobile or truck and killed. The accident occurred about 4 blocks from the employer's premises. The employer had nothing to do with the furnishing of any means of transportation to the plant. Neither the owner of the car nor the truck had any connection with the employer. Deceased rode often

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied October· 4, 1926. Writ of error refused November 17, 1926.

with the friend who stopped for him to his place of employment, the friend being employed at an establishment a short distance beyond the place where deceased was employed.

[1] A general rule, established by the great weight of authority, is that, in absence of special circumstances, the act does not apply to a workman going to and from his work. Articles 5246—5 and 5246—82, Vernon's Ann. Civ. St. Supp. 1918; Corpus Juris Pamphlet on Workmen's Compensation Acts, § 68, also section 75d; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Texas Employer's Ins. Ass'n v. Bailey (Tex. Civ. App.) 266 S. W. 192; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 954; L. R. A. 1916A (Annotations) 331, 332; L. R. A. 1917D (Annotations) 114–132.

The great majority of cases discussing Compensation Acts similar to our act hold that an injury cannot be said to arise "in or about the furtherance of the affairs or business of the employer," where it occurs upon a public street from causes to which all other persons upon the street are likewise exposed. L. R. A. 1916A (Annotations) 314. The authorities cited also establish several well-defined exceptions to these general rules, as where, by the terms of the contract of employment, the employé is required to perform services for the employer upon the streets; or where the employé has reached the premises of the employer, or is in such close proximity thereto that he will be deemed to have been upon the premises; or where the employer furnishes transportation for the employé over the public streets, thereby subjecting him to the employer's control; or in cases of policemen or salesmen, who are required and obliged to be continuously upon the street in the course of their employment, upon the theory that the very nature of the employment subjects them to the street dangers more than persons generally are subjected to, and consequently such injuries from such dangers must be considered as arising out of the course of the employment.

[2] Appellees seek to except this case from the general rules by alleging and proving: First, "that the said John P. Palmer had been ordered and directed to be at his work or upon the premises of said Austin Sash & Door Company on the morning of said January 28, 1925, for the purpose of ascertaining whether or not the premises were suitable because of the cold weather then prevailing for the workmen to report for duty, and thereby incurring expenses to said employer"; and, second, that "he was subject to call by his employer at any time of the day or night and on Sundays and on holidays during the seven days of the week," in the capacity of general foreman; and that by reason of these facts and circumstances appellees come within the act and should be compensated for the death of their husband and father, resulting from injuries received while he was upon the public street and while going in the most direct and practical route to his place of employment.

But, as much as we regret the tragedy, we are compelled to hold under the undisputed facts that the case comes within the general rules announced, 'and the injuries are not compensable under the Workmen's Compensation Act. It is undisputed that deceased's services were performed upon the premises of the employer. It is also undisputed that the special service which he was directed to perform on the morning of his death was to have been upon the premises of the employer; that is, he was to ascertain if the premises were suitable because of the cold weather then prevailing for the workmen to report for duty. It is undisputed that deceased, under the terms of his employment, was not required to perform any duty for the employer upon the public street on which he was killed, and his presence there was simply to reach his employer's premises.' It is undisputed that the causes from which the deceased was injured were not different from those to which all other persons using the street at that time were likewise exposed. The fact that deceased was subject to call by his employer at any time during the night or day would not require any different use of the street by him than that for which all persons used it at such time or times. The test, where the only question is ingress or egress to and from the employer's premises, is not the particular time of day or night or how often a public street is used by the employé, but is that his injury must arise while in the course of his employment, and from causes to which all persons who may be using the street at that time are not in a like manner exposed. In other words, the Workmen's Compensation Act as now written does not undertake to protect the employé while going to and from his place of employment to his home from injuries received upon a public street, unless his employer so controls him as to subject him to dangers and hazards to which the general public using the street at the time are not subjected. With respect to this, some very fine distinctions have been made, but we do not find any case analogous to this case, where the pleadings and evidence show the employé not required to use the street on which he was killed differently from that which the general public used it.

The judgment of the trial court will be reversed, and judgment is here rendered for appellant, that appellees take nothing by this suit.

Reversed and rendered.