## MARYLAND CASUALTY CO. v. SMITH.
### No. 10825.

Court of Civil Appeals of Texas. Dallas.

May 16, 1931.

Rehearing Denied June 20, 1931.

Robertson, Robertson & Payne, of Dallas, for appellant.

Logan N. Green and Chamberlain, Green & Wade, all of Dallas, for appellee.

VAUGHAN, J.

This suit was instituted by appellee against appellant under the Workmen's Compensation Act of Texas (Rev. St. 1925, art. 8306 et seq., as amended), to set aside an award of the Industrial Accident Board, to recover from appellant compensation for the period of appellee's disability, and for the expense of medical treatment. No question is presented as to the pleadings, therefore no statement will be made in reference thereto. On May 26, 1930, trial was had without a jury and the court rendered judgment in favor of appellee

for $130.60, from which this appeal was duly prosecuted.

From the uncontradicted evidence we find the following material facts necessary to the disposition of this appeal: That the motorcycle on which appellee was riding at the time he was injured was owned by him; that under his contract of employment with Cox-Ward Drug Company, he was required to furnish same to be used by him in the performance of his duties, viz., the delivering of packages and parcels for said drug company; that for such services, including the use of said motorcycle in connection therewith, said drug company contracted to pay appellee the sum of $27.50 per week; that said motorcycle was one of the instrumentalities of appellee's employment; that said employer did not furnish a place for the storage of said motorcycle when not in use; that appellee at all times had to care for same so as to have it available for the performance of his duties; that appellee sustained his injuries at 5:45 p. m. September 25, 1928, while riding said motorcycle on a public street in the city of Dallas on his way to work; that at said time appellee was about twenty blocks from his employer's place of business and about one block from his residence; that appellee, under his employment, had definite hours of service, viz., from 7 a. m. to 11 a. m., and from 6 p. m. to 11 p. m., during each twenty-four hours; that at the time appellant was injured he was not engaged in the performance of any duty under his employment, other than he was returning to his work; his next working period beginning at 6 p. m.

How should the language of the Workmen's Compensation Act be interpreted that a liberal construction may be placed thereon? Pronouncement has been made in a number of decisions that the Workmen's Compensation Act should be liberally construed to the end that the purpose for which it was enacted should be accomplished; to this extent our appellate courts are in accord, but so much cannot be said perhaps in reference to the application of the virtues that lie within that beneficent rule in re the interpretation and application of the provisions of said statute. We are of the opinion that the term "liberal construction" means to give the language of a statutory provision, freely and consciously, its commonly, generally accepted meaning, to the end that the most comprehensive application thereof may be accorded, without doing violence to any of its terms.

What latitude of construction is available in the use of the words "about," "furtherance," and "affairs"? The synonyms of said words are given by Webster's International Dictionary, Edition 1927, as follows: "Legally, about is nearly equivalent to more or less, but the variation legally permissible varies with what appears as reasonable in the contemplation of the parties under the circumstances. In concern with, engaged in, intent on, concerning, in regard to, on account of, touching, appertaining to, in connection with"; furtherance, "act of furthering, helping forward, promotion, advancement, or progress"; affairs, "that which is done, or about to be done, matter, concern, business of any kind." Lumbermen's Recip. Ass'n v. Behnken et al. (Tex. Civ. App.) 226 S. W. 154, affirmed in 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402. Hence, we are led to conclude that the following language of article 8309, R. S. 1925, "while engaged in or about the furtherance of the affairs or business of his employer," should be construed as if same read, "while engaged in helping forward, or concerned in the progress of the affairs or business of his employer"; or, "while engaged in, or on account of helping forward the affairs or business of his employer"; or, "while engaged in or concerned with the progress of the affairs or business of his employer." To construe said provision in either of said respects would be but in consonance with the following express legislative intent, "that this law is designed to properly care for those injured in the industries of this State." Acts 40th Legislature (1927) p. 84, c. 60, § 2; Fidelity Union Casualty Co. v. Munday (Tex. Civ. App.) 26 S.W.(2d) 676. Certainly the legislative intent so clearly expressed in reference to the Workmen's Compensation Law should be given its full meaning and effect in applying that remedial statute, that the purpose for which it was enacted should be to all intents fully accomplished.

That the motorcycle was the property of appellee and not that of his employer created no legal distinction, as the relationship of the parties in regard to the use of the motorcycle would be the same in either case. As favorably bearing upon this phase of the case, see Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388.

Under the facts of this case we are clearly of opinion that, by giving said provision of article 8309, supra, a liberal construction, as we understand that term should be applied thereto, appellee was at the time he received his injuries "engaged in or about the furtherance of the affairs or business of his employer." Novack v. Montgomery Ward & Co., Supreme Court of Minnesota, 158 Minn. 495, 198 N. W. 290, 292, in which it is held: "The injury is received 'in the course of' the employment when it comes while the employee is doing his work. It may be received 'in the course of the employment' and still have no causal connection with it. State ex rel. D. B. & M. Co. v. District Court, 129 Minn. 176, 151 N. W. 912. 'In the course of' refers to the time, place, and circumstances under which the accident takes place. It may be 'in the course of employment,' and yet the employee may be standing still and not physically mov-

ing in his work. Kaletha v. Hall, 157 Minn. 290, 196 N. W. 261. He is still included when he does those reasonable things which his contact with his employment expressly or impliedly permits him to do. It 'arises out of' the employment when it reasonably appears from all the facts and circumstances that there is a causal connection between the conditions which the employer puts about the employee and the resulting injury."

The judgment of the trial court is affirmed. Affirmed.