**Wanda B. LOOFBOUROW, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 5206.

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1972.

Atkins & Duke, Arlington, for appellant.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Loofbourow from summary judgment that she take nothing in a workman's compensation case.

Appellant was employed as a nurse-anesthetist at Hillcrest Hospital in Waco. All of her nursing or anesthetist duties were performed at the hospital, either in the surgical ward or in the (OB) obstetrical ward. During the time she was assigned to the OB ward she was "on call" only, and required to go to the hospital to perform her duties only when called to do so. She was on OB call on the day of her accident. OB call lasts from 7 AM on one day to 7 AM on the following day. When on call no restriction was placed on her activities, other than she must remain within distance of the hospital so that she can travel to the hospital within 15 or 30 min-

utes, and she must be able to be reached by the hospital, either by telephone or a "beeper" device, if her services are needed. She was not requested to travel from place to place in the performance of her duties as a nurse. She received a monthly salary plus $30 for each 24 hour period she was on call.

On the day of the accident appellant was at her home and at 9:30 AM she received a call to come to the hospital. She dressed and drove in her car toward the hospital, when she was involved in a collision, receiving injury.

Appellant moved for partial summary judgment that she was injured in the course of her employment, and appellee insurance carrier moved for summary judgment that appellant take nothing.

The trial court granted appellee's motion and rendered judgment appellant take nothing.

Appellant appeals on 2 points contending;

1) The trial court erred in granting appellee's motion for summary judgment because appellant was "at work" at the the time the injury occurred; and was paid for her duty; and was in the course of her employment when the injury occurred.

2) The trial court erred in not granting appellant's motion for partial summary judgment. Appellant was "at work" and acting in the course of her employment when she was injured—the only fact issue being the duration of her injury.

■ The general rule is that an injury received while using the public streets and highways in going to or returning from the place of employment is not compensable because not incurred in the course of employment as required by the Statute.

The rationale of this rule is that in most instances such an injury is suffered as a consequence of risks and hazards to which all members of the traveling public are subject rather than risks and hazards having to do with and originating in the work or business of the employer. Texas General Indemnity Company v. Bottom, Tex., 365 S.W.2d 350, 353; Johnson v. Pacific Employers Indemnity Company, Tex., 439 S.W.2d 824, 828; Smith v. Texas Employers' Insurance Association, 129 Tex. 573, 105 S.W.2d 192; Aetna Life Insurance Company v. Palmer, Tex.Civ.App., Er.Ref. 286 S.W. 283.

■ And the fact that the employee was "on call" and could be called at any time is not controlling. Texas General Indemnity Company v. Bottom, supra; Smith v. Texas Employers' Insurance Association, supra; Aetna Life Insurance Company v. Palmer, supra.

Such cases hold that where the employee was not required to perform any duty for the employer on the public street, (or on route) but that all of his duties of employment were to be performed at the place of business of the employer, the employee's injury while going to the employer's place of business is not in course of employment and is not compensable.

■ Appellant asserts Article 8309 Section 1b [1] Vernon's Ann.Civ.St., requires disposition in her favor. Appellant was not directed "in her employment" to proceed from one place to another place. All her duties of employment were performable at Hillcrest Hospital. Texas General Indemnity v. Bottom, supra, holds such section "does not provide that an employee shall be deemed or may be regarded as being in the course of his employment when any one of the specified conditions is sat-

1. "Unless transportation is furnished as a part of the contract of employment * * * or unless the employee is directed in his employment to proceed from one place to another place, such transporta-

tion shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. * * *" (Emphasis added.)

isfied", and that such section does not change the definition of 'injury sustained in the course of employment". Course of employment is defined in Section 1 Article 8309 as "all other injuries * * * having to do with *and* originating in the work, business, trade or profession of the employer * * *". Appellant's injury did not originate in the work of her employer, which was performable at Hillcrest Hospital.

Appellant further asserts Meyer v. Western Fire Insurance Company, Tex., 425 S.W.2d 628, controlling and requires disposition in her favor. In such case the employer was a repairman whose duties required him to travel from place to place to perform his duties of employment. Here all of *appellant's duties of employment* were performable at Hillcrest Hospital.

Appellant's points are overruled.

Affirmed.