Dorisene **GARDNER et al., Appellants,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.**

No. 8927.

Court of Civil Appeals of Texas, Amarillo.

Dec. 4, 1978.

Rehearing Denied Dec. 27, 1978.

Carson Smith & Associates, Carson Smith and Tim L. Hoffman, Amarillo, for appellants.

Gibson, Ochsner & Adkins, James H. Doores, Amarillo, for appellee.

DODSON, Justice.

In this worker's compensation case, Billy Mack Gardner was killed in an automobile-truck collision on Highway 70 in Donley County, Texas. Dorisene Gardner, the surviving spouse, brought this action individually and as next friend of Angela, Billy, Jacqueline and Stanley Gardner, the minor children of the deceased, for survivor death benefits under the Texas Worker's Compensation Act. The trial court granted a motion for summary judgment made by United States Fidelity and Guaranty Company, the insurance carrier, on the ground that, as a matter of law, Billy Mack was not in the course and scope of his employment at the time of his death. The beneficiaries appeal from the summary judgment entered by the trial court. We determine there is some evidence of probative force to raise the issue that the deceased workman was in the course of his employment at the time of the fatal accident. Reversed and remanded.

The summary motion evidence shows, *inter alia*, that Billy Mack was employed by the Clarendon Country Club on the day of his fatal accident. As a part of his employment, he was required to regularly work a split shift from 9 or 10 a. m. until 2 p. m. and from 5:30 or 6 p. m. until closing each work day. This working arrangement necessitated two daily trips from his home in Clarendon to the country club, which was located approximately seven miles north from Clarendon on Highway 70. The employer paid Billy Mack $50 per month in addition to his regular salary, because he had to make two trips daily as required by the split shift arrangement.

On July 25, 1975, Billy Mack left the country club at 10 or 11 p. m. The club was closed for the day and he had no further duties to perform on the premises. After leaving the country club, he stopped at a bar which was located on Highway 70 between the country club and his home. Billy Mack remained at the bar until approximately 5:30 or 6 a. m. on July 26, 1975. After leaving the bar he proceeded south a short distance on Highway 70 where his fatal accident occurred. The evidence shows that Highway 70 was the regular, and in fact only, route available for Billy Mack to travel to and from work, and that he sometimes stopped at the bar on his way home from work and remained for several hours before proceeding to his home. No contention is made that he was intoxicated at the time of the accident.

■ The beneficiaries maintain that the evidence fails to conclusively establish that Billy Mack was not in the course of his employment at the time of the fatal accident and that the evidence is sufficient to raise a genuine issue of fact on the course of employment question. In determining whether the evidence raises a jury issue as to course of employment, we must apply the same test we would apply to a motion by the insurance company for instructed verdict, thereby treating as true the evidence which is favorable to the beneficiaries, indulging in their favor all inferences that can be reasonably drawn from the evidence, and resolving all doubts against the insurance company. *Fowler v. Texas Employers' Ins. Ass'n*, 237 S.W.2d 373, 375 (Tex.Civ.App.—Fort Worth 1951, writ ref'd). The rule is also settled that where an "issue or verdict has some support in the evidence, although the great weight and preponderance of the evidence may be the other way," then the trial court cannot direct a verdict or grant a judgment notwithstanding the verdict on the issue. *Gulf, Colorado & Santa Fe Railway Company v. Deen*, 158 Tex. 466, 312 S.W.2d 933, 937, cert. denied, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958).

■ Section 1 of Article 8309, Tex.Rev. Civ.Stat.Ann. (Vernon 1967), provides, in part, that:

The term 'injury sustained in the course of employment' . . . shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

Section 1b of Article 8309 also provides, in part:

Unless transportation . . . is paid for by the employer, . . . such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.

Generally, an injury suffered while using the streets and highways in going to or returning from the place of employment is not compensable under the Worker's Compensation Act. However, when transportation is paid for by the employer, an exception to the general rule may exist. *Texas Employers' Ins. Ass'n v. Inge*, 146 Tex. 347, 208 S.W.2d 867 (1948); see also *Texas Employers' Ins. Ass'n v. Byrd*, 540 S.W.2d 460 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.); *Liberty Mutual Ins. Co. v. Chesnut*, 539 S.W.2d 924 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.); *Texas Employers Ins. Ass'n v. Adams*, 381 S.W.2d 340 (Tex.Civ. App.—Texarkana 1964, writ ref'd n. r. e.).

While we have not found any Texas case directly or nearly in point with the unusual fact situation in the case before us, we are persuaded that the summary motion evidence viewed in light of the *Deen* test raises a question of fact on the course of employment issue which must be submitted to the jury. In summary, this evidence shows that Billy Mack worked a split shift arrangement for his employer; that the split shift arrangement necessitated two trips each day to and from his place of employment; that he was paid $50 per month for the travel facilitated by the split shift arrangement; that Highway 70 was the usual and direct route to and from Billy Mack's home and the place of his employment; and that, upon leaving the bar, he returned to his usual route home and was traveling toward his home when the fatal accident occurred. Under these circumstances, we cannot say as a matter of law that Billy Mack was not in the course of his employment at the time of the accident.

The appellants' first and third points of error are sustained. Our discussion of these points of error is dispositive of this appeal; therefore, we deem it unnecessary to further discuss the appellants' remaining points of error. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court.