CITY OF DALLAS, Appellant,

v.

Shirley S. BRADFORD, Appellee.

No. 05–82–00129–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 1983.

---

[1] "Every manufacturer has a duty to warn of dangers in the use of its product." *Air Shields, Inc. v. Spears, supra,* 590 S.W.2d at 578.

Robert S. Dickey, Dallas, for appellant.

Charles M. Wilson, III, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and FISH, JJ.

FISH, Justice.

The City of Dallas appeals Shirley S. Bradford's recovery of worker's compensation benefits for total and permanent disability resulting from the injuries she sustained in an automobile accident. The parties agreed at trial that the dispositive issue was whether Bradford was in the course of her employment for the City at the time of her accident. After a non-jury trial on stipulated facts, the trial court rendered judgment for Bradford. Because we disagree with the trial court's conclusion that Bradford was in the course of her employment, we reverse and render judgment that Bradford take nothing.

Bradford was employed as a public health nurse by the City of Dallas. Her principal work address was at the Harris-Oak Cliff Health Center, but she was regularly required to leave that location during a part of each work day to provide health care services in homes and to conduct clinics at other places. From time to time, Bradford was called upon, by pre-arrangement or by a telephone call to her home, to make home visits or to stop at other clinics before reporting to the Harris-Oak Cliff Center.

To perform her duties as a nurse for the City, Bradford was required to furnish her own transportation and to make daily use of a private automobile. When she was hired, Bradford was required to supply information concerning her automobile and its availability for use in the performance of her duties. According to the City's policy of reimbursement to employees for the use of private vehicles to accomplish official city business, Bradford received fifteen cents per mile traveled in the performance of her duties. She received an additional lump sum of twenty-five dollars per month under a City policy of paying this amount to employees who used their private vehicles to perform official duties more than fifteen working days or two hundred miles per month. The distance traveled to or from work was not included, however, in computing either mileage reimbursement or entitlement to the monthly lump sum payment. Bradford's mileage reimbursement commenced at her first daily assigned work location and ceased at her last daily assigned work location, whether the location was the site of a home visit, other clinics, or the Harris-Oak Cliff Health Center.

On the morning of February 10, 1978 Bradford left her home to begin her work day. She was traveling in her private vehicle to the Harris-Oak Cliff Health Center when she was involved in an automobile collision. The injuries she sustained from the collision are the basis of this worker's compensation claim.

■ Generally, injuries sustained by employees while traveling on public streets and highways in going to and returning from work are not compensable because they are not incurred in the course of employment as required by Tex.Rev.Civ.Stat. Ann. art. 8309, § 1 (Vernon 1967). *Jecker v. Western Alliance Insurance Co.,* 369 S.W.2d 776, 778 (Tex.1963); *Texas General*

*Indemnity Co. v. Bottom,* 365 S.W.2d 350, 353 (Tex.1963); *American General Insurance Co. v. Coleman,* 157 Tex. 377, 303 S.W.2d 370, 374 (1957). To have a compensable injury for injuries received while going to or from work, an employee must show that his claim is within the provisions of article 8309, § 1, that is, that his injuries were of a kind and character that had to do with and originated in the work, business, trade or profession of the employer, and were received while the employee was engaged in or about the furtherance of the affairs or business of the employer. *Bottom,* 365 S.W.2d at 352–53; *Liberty Mutual Insurance Co. v. Chesnut,* 539 S.W.2d 924, 926 (Tex.Cir.App.—El Paso 1976, writ ref'd n.r.e.).

The City urges that the trial court erred in rendering judgment for Bradford because the stipulated facts show that she was not, as a matter of law, in the course of her employment for the City at the time of the accident. Bradford responds that she was in the course of her employment, citing Tex.Rev.Civ.Stat.Ann. art. 8309, § 1b (Vernon 1967) to support her contention. That section provides:

> Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had

there been no affairs or business of the employer to be furthered by said trip.

This section was construed by the Supreme Court in *Janak v. Texas Employer's Insurance Association,* 381 S.W.2d 176 (Tex.1964), as follows:

> Sec. 1b, Article 8309, enacted in 1957, has two parts. The first part declares injuries during travel to be in the course of employment, and therefore compensable, only when transportation is (1) furnished as a part of the contract of employment, or (2) is paid for by the employer, or (3) is under the control of the employer, or (4) when the employee is directed to proceed from one place to another place.

*Id.* at 179. Bradford maintains that she falls within *Janak's* second category because her transportation was paid by the City, and within *Janak's* fourth category, because the City directed her to proceed from one place to another.

### Payment of Transportation

Bradford argues that a portion of her transportation was paid by the City because she was reimbursed for each mile traveled in the performance of official business and because she received twenty-five dollars a month in addition to her mileage reimbursement, thus bringing her within the coverage of article 8309, § 1b. She cites *Gardner v. United States Fidelity & Guaranty Co.,* 574 S.W.2d 636 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *T.E.I.A. v. Adams,* 555 S.W.2d 525 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); and *Liberty Mutual Insurance Co. v. Chesnut,* 539 S.W.2d 924 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.) in support of her position.

In each of these cases, however, evidence was presented to show that the employer had agreed to compensate the employee for expenses incurred in going to and returning from the work site. Here, by contrast, the parties stipulated that Bradford "was not entitled to mileage reimbursement from [the City] for the miles driven while on her way to begin her work day ...." They also stipulated that the

twenty-five dollars monthly payment was based on the number of miles driven in the performance of her official duties. Thus, there is no evidence that the City paid Bradford for transportation on her way to work. In the absence of such evidence, we are unable to conclude that Bradford's transportation was paid for by her employer as required by article 8309, § 1b.

### Proceeding From One Place to Another Pursuant to Contract

Bradford also submits that she was in the course of her employment because she was proceeding from one place to another under her contract of employment when the accident occurred. This exception to the general rule of non-compensability is well established by article 8309, § 1b and the cases construing it. *Agricultural Insurance Co. v. Dryden*, 398 S.W.2d 745, 746–47 (Tex.1965); *Janak*, 381 S.W.2d at 179; *Jecker*, 369 S.W.2d at 778. The rationale for the exception is that since the worker's employment requires him to subject himself to the risks and hazards of streets and highways, his injuries grow out of his employment. *Jecker*, 369 S.W.2d at 778–79.

■ The Supreme Court has held that this exception is not available to an employee unless he shows that he was "directed *in his employment* to proceed from one place to another place." *Jecker*, 369 S.W.2d at 779 (emphasis added). The employee can make this showing "if there is evidence that (1) he was traveling on the highway pursuant to express or implied provisions of his employment contract that he do so in performance of his duties and (2) that he would have made the trip had there been no personal or private affairs to be furthered and would not have made it had there been no business of his employer to be furthered." *Id.*

Bradford reasons that because she was required to use her vehicle in the performance of her duties, the driving of her automobile to work was an expressed or implied requirement of her employment contract. We do not believe that this conclusion follows. The parties stipulated that Bradford was not prohibited from parking her private automobile overnight in the parking lot at the Harris-Oak Cliff Health Center. With no special mission assigned to her requiring any travel by her apart from, or in addition to, her regular and personal transportation to and from work, we cannot say that Bradford's contract of employment required her to subject herself to any risks and hazards of the streets and highways. *Dryden*, 398 S.W.2d at 747.

We also find support for this result in *Meyer v. Western Fire Insurance Co.*, 425 S.W.2d 628 (Tex.1968). In *Meyer*, the compensation claimant was a supervisor for a home builder. At the time of injury, the claimant was traveling from his home, where he had made some business calls and completed some paperwork in preparation for a business meeting, to a subdivision in Northeast Austin where he intended to make service calls. The Supreme Court framed the issue of course of employment in the following manner:

> Reduced to its simplest terms, the problem is whether he was already working, or was simply on his way to work, at the time of the accident.

*Id.* at 628. The Court held that he was on his way to work and, accordingly, denied recovery.

Here, likewise, it is undisputed that Bradford had not yet begun working but was simply on her way to work. She was not yet traveling in the performance of her duties and was not yet being directed in the performance of her employment to proceed from one place to another.

### Prior Case Law

Both parties have cited to us cases decided before the enactment of article 8309, § 1b, which they contend are controlling. Although these cases are not consistent, the most authoritative is *United States Fidelity & Guaranty Co. v. Flanagan*, 134 Tex. 374, 136 S.W.2d 210 (1940). That decision supports our holding that, as a matter of law, Bradford was not in the course of her employment. A contrary result was reached earlier in *Maryland Casualty Co. v. Smith*,

40 S.W.2d 913 (Tex.Civ.App.—Dallas 1931, no writ), but *Smith* was questioned by the Supreme Court in *Flanagan.* Later *Smith* was cited without disapproval, though distinguished on its facts, in *Superior Insurance Co. v. Jackson,* 156 Tex. 61, 291 S.W.2d 689 (1956). We conclude that article 8309, § 1b resolves any previous uncertainty and prevents Bradford's injury from qualifying as one sustained in the course of her employment. *See Dryden,* 398 S.W.2d at 747.

Reversed and rendered.