Maria **SMITH**, Appellant,

v.

**DALLAS COUNTY HOSPITAL DISTRICT, Appellee.**

No. 05–83–01360–CV.

Court of Appeals of Texas, Dallas.

Feb. 11, 1985.

Rehearing Denied March 12, 1985.

Joe N. Boudreaux, Dallas, for appellant.

Mike Holloway, Dallas, for appellee.

Before AKIN, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

This is a workers' compensation case. The trial court granted the motion for summary judgment of appellee, Dallas County Hospital District, on the basis that appellant, Maria Smith, was not in the course and scope of her employment at the time of the accident. Smith presents a single point of error contending that the trial court erred in granting summary judgment. We disagree and affirm.

Smith was employed by the District as a technician in the hospital's radiology department. She had a regular forty-hour, Monday through Friday, work week. In addition, Smith rotated with other employees to be "on call" for emergencies during evenings and on weekends for one week each month. "On call" employees were not required to stay at the hospital, but were required to be available by telephone or beeper. Smith lived about fifteen minutes driving time from the hospital. When "on call," Smith was called back to the hospital about fifteen times per week.

Pursuant to the District's "Personnel Policy Memorandum," compensation was paid for being in the status of "on call" ("non-productive time"), for working at the hospital during emergencies ("productive time"), and for "Portal-to-Portal time" ("non-productive time"). The Memorandum states that "Portal-to-Portal time" is the travel time needed to transport an employee from home to the hospital and back home, over and above the ordinary scheduled day. "Portal-to-Portal time" is paid at the regular hourly rate but limited to "one hour (60 minutes) per round trip." Each time an employee is called back to the

hospital, that employee is allowed the "Portal-to-Portal time."

On November 16, 1980, Smith was injured while returning home from one of these "on call" situations. Smith was injured in an automobile accident which occurred after she had completed her "productive time" in her radiology duties and during her return to her home. The question presented is: Was Smith covered under workers' compensation? Smith argues that her injury arose in the course of her employment under Sections 1 and 1b of the Workers' Compensation Act, TEX.REV. CIV.STAT.ANN. art. 8309 (Vernon 1967). Section 1 provides in pertinent part:

The term "injury sustained in the course of employment," ... shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

Section 1b pertains to travel as a basis for injury. That section provides in pertinent part:

Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.

■ Smith was returning home after completing an "on call" service. She was to be compensated for her duties at the hospital. Smith is a highly skilled technician, and her services are performed at the hospital. Applying the foregoing controlling statutory provision, which is relied upon by Smith, to the facts in the instant case, we reach these conclusions:

1. Smith's transportation was not furnished or paid for by the District;

2. Smith's means of transportation were not under the control of the District; and

3. Smith was not directed in her employment to proceed to another place.

The "Portal-to-Portal time" is not in the course and scope of Smith's employment. Both parties stipulated that Smith received the one hour of non-productive, portal-to-portal pay for each call without regard for her actual travel time. Actual travel was not the basis for this payment. The purpose of the payment was to give an on-call employee an extra hour's pay to cover any time up to one hour for working an emergency call.

■ Generally, injuries sustained by employees while traveling public streets and highways in going to and returning from work are not compensable because they are not incurred in the course of employment as required by Article 8309, § 1b. *American General Insurance Co. v. Coleman*, 157 Tex. 377, 303 S.W.2d 370, 374 (1957); *City of Dallas v. Bradford*, 646 S.W.2d 302, 303 (Tex.App.-Dallas 1983, writ ref'd n.r.e.); *Jones v. United States Fire Insurance Co.*, 420 S.W.2d 160, 165 (Tex.Civ. App.—Amarillo 1967, writ ref'd n.r.e.).

In *City of Dallas*, this court stated the following:

To have a compensable injury for injuries received while going to or from work, an employee must show that his claim is within the provisions of article 8309, § 1, that is, that his injuries were of a kind and character that had to do with and originated in the work, business, trade or profession of the employer, and were received while the employee was engaged in or about the furtherance of the affairs or business of the employer.

*City of Dallas*, 646 S.W.2d at 304. An injury received by an employee while using public streets and highways in going to and returning from his place of employment is not compensable, *Texas Employers Insurance Association v. Clauder*, 431 S.W.2d

579, 584 (Tex.Civ.App.-Tyler 1968, writ ref'd n.r.e.), since, in most instances, such an injury is suffered as a consequence of risks and hazards to which all members of the traveling public are subject, rather than risks and hazards having to do with and originating in the work or business of the employer. *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350, 353 (Tex. 1963).

█ Although Smith's injury while using the public streets occurred while she was "on call" to the District, this fact does not alter the application of the foregoing rules. *In Loofbourow v. Texas Employers Insurance Association,* 489 S.W.2d 456 (Tex.Civ. App.-Waco 1972, writ ref'd n.r.e.), the Court analyzed a similar fact situation in which Loofbourow was employed as a nurse-anesthetist and was required by a hospital to be "on call" at particular times. Loofbourow had an accident on her way to the hospital and contended that the injury occurred while she was "at work," being paid for her duty, and acting in the course of her employment. In the present case, Smith argues the same points. However, in *Loofbourow,* the court followed the rule that the fact that the employee was "on call" and could be called at any time was not controlling. That rule further states that where the employee is not required to perform any duty for the employer on the public street but rather all of his duties are to be performed at the place of business of the employer, the employee's injury while going to the employer's place of business is not in the course of employment and is not compensable. *Loofbourow,* 489 S.W.2d at 457; *Aetna Life Insurance Co. v. Palmer,* 286 S.W. 283, 284 (Tex.Civ.App.—Austin 1926, writ ref'd). This rule applies to the facts in the case at hand. Smith was "on call" at the time of her injury and not required to perform any duty for the District at that time.

Smith contends that the holding in *Jecker v. Western Alliance Insurance Co.,* 369 S.W.2d 776 (Tex.1963) [1] should apply in this case to put this accident within the purview of Section 1b of Article 8309. In *Jecker,* the Texas Supreme Court recognized that under the Act an automobile trip would be in the course of employment when the employee is directed in his employment to proceed from one place to another. The Court construed the provision of the Act to include situations in which the employee proceeds from one place to another under the terms of an employment which expressly or impliedly requires that he do so to discharge the duties of his employment. However, in *Jecker,* the employee was a salesman of appliances. In addition, he was responsible for service of any appliance that he sold. The employee was injured upon returning from a service call. Thus, the Court held that these facts constituted sufficient evidence that the employee was injured during the furtherance of his employer's business and in the performance of duties imposed by his contract of employment.

█ The facts in the instant case are clearly distinguishable. Smith was not directed in her employment to travel around to different destinations to perform her nursing skill. She was only required to be at the hospital when called. The payment for "Portal-to-Portal time" did not create a requirement that Smith travel as part of her job duties. All of her duties were performed at the hospital. *Loofbourow,* 489 S.W.2d at 457–458. Accordingly, we hold that no fact issue was created to demonstrate that the injury occurred while Smith was in the course of employment by the District.

█ We also distinguish a line of cases including *Texas Employers' Insurance Association v. Inge,* 146 Tex. 347, 208 S.W.2d 867 (1948); *Texas Employers' Insurance Association v. Byrd,* 540 S.W.2d 460 (Tex. Civ.App.-El Paso 1976, writ ref'd n.r.e.); and *Texas Employers' Insurance Association v. Adams,* 555 S.W.2d 525 (Tex.Civ.

---

1. We note that the holding in *Jecker* was subsequently overruled by the Texas Supreme Court on another point not at issue in this case in *McKelvey v. Barber,* 381 S.W.2d 59, 65 (Tex. 1964).

App.-Amarillo 1977, writ ref'd n.r.e.), all of which Smith cites in support of her contention that the compensation for "Portal-to-Portal time" constituted payment for Smith's transportation by the District and/or the furnishing of transportation to Smith by the District and thus that the injury occurred in the course of Smith's employment since she was enroute from the hospital at that time. Although we disagree with Smith's contention that the payment of this compensation constituted payment for transportation or the "furnishing" of transportation by the District, we note that, even if we were to accept Smith's contention, the Court in *Byrd*, 540 S.W.2d at 462, stated that the furnishing of transportation as a part of the contract of employment, standing alone, is not sufficient to show that the injuries occurred in the course of employment and while in the furtherance of the employer's business. In all of these cases, the location of drilling sites in uninhabited areas made it essential that the employers furnish transportation to the employees, *Byrd*, 540 S.W.2d at 462–463, and it was necessary that the employer furnish transportation in order to secure employees, *Adams*, 555 S.W.2d at 529. Of course, in the case at hand, no such necessity existed. Thus, there was no fact issue as to the injury occurring while Smith was in the course of her employment with the District. We do not address the other cases which Smith cites in support of her position since all of those cases are factually distinguishable in that the payment received in those cases was compensation for transportation. See *Gardner v. United States Fidelity and Guaranty Co.*, 574 S.W.2d 636, 639 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *Liberty Mutual Insurance Co. v. Chesnut*, 539 S.W.2d 924, 927 (Tex.Civ.App.-El Paso 1976, writ ref'd n.r.e.).

Accordingly, we affirm the judgment of the trial court.

AKIN, J., dissenting.

AKIN, Justice, dissenting.

I cannot agree that summary judgment for the Dallas County Hospital District (the "Hospital District") was proper because the Hospital District failed to establish, as a matter of law, that Smith was not in the course of her employment when the accident occurred. Accordingly, I would reverse and remand the cause for trial on the merits. Consequently, I must dissent.

The majority has ignored well-settled principles for reviewing the granting of a summary judgment. For example, a movant, in order to be entitled to summary judgment, must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The reviewing court must view the evidence in the light most favorable to the non-movant, *Valley Stockyards Co. v. Kinsel*, 369 S.W.2d 19 (Tex.1963), and must indulge every reasonable inference and resolve all doubts in favor of the non-movant, *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183 (Tex.1970). Additionally, courts are to give the Workers' Compensation law a liberal construction in order to accomplish its purposes and to, at the same time, promote justice. *Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154 (1960). The Workers' Compensation law should be liberally construed for the protection of the worker. *Goldman*, 341 S.W.2d at 158.

I begin my consideration of the issue before us by noting that Texas adheres to the "coming and going" rule, under which an injury received while using the public streets and highways in going to or returning from the place of employment is not compensable. *American General Insurance Co. v. Coleman*, 157 Tex. 377, 303 S.W.2d 370 (1957). The rationale of the "coming and going" rule is that such an injury is suffered as a consequence of risks and hazards to which all members of the traveling public are subject rather than risks and hazards relating to and originating in the work or business of the employer. *Texas General Indemnity Co. v. Bot-*

*tom,* 365 S.W.2d 350 (Tex.1963). Thus, under this rule an injury received by an employee while traveling to and from his place of employment is considered not to be sustained in the course of his employment.

The Texas Workers' Compensation law covers injuries sustained in the course of employment. TEX.REV.CIV.STAT.ANN. art. 8306, § 3b (Vernon 1967). TEX.REV. CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967) provides that, with certain exceptions not applicable here, the term "injury sustained in the course of employment" includes:

> all other injuries of every kind and character *having to do with and originating in the work,* business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer *whether upon the employer's premises or elsewhere.* (Emphasis added).

Under section 1 a claimant must show that the injury was of a kind and character that had to do with and originated in his employer's work, business, trade, or profession and was received while he was engaged in or about the furtherance of his employer's affairs or business. *Bottom,* 365 S.W.2d at 352–53. On summary judgment, however, the movant has the burden of establishing that the injury, as a matter of law, was not sustained in the course of employment.

I would hold that Smith has at least raised a fact issue as to whether her injury was related to and originated in her employer's work or business and was received while she was engaged in or about the furtherance of her employer's business. In this respect, it is clear that Smith's injury occurred while she was engaged in the furtherance of the Hospital District's business because the hospital, under a written personnel policy memorandum, paid Smith on a "portal-to-portal" basis. Thus, her employment commenced when she left her home in response to a call from the hospital to come in to work and continued until she returned home. Since this written memo-

randum is an unambiguous part of her contract of employment, the Hospital District is bound by its terms. Consequently, summary judgment evidence by the Hospital District purporting to construe this memorandum is barred by the parol evidence rule. Thus, the majority's reliance upon the explanation of the memorandum by the Hospital District is misplaced.

Smith's injury was also related to and originated in her employer's work or business. The Hospital District is, *inter alia,* in the business of providing radiology services. Smith's "on call" travel, as a result of which her injury occurred, directly facilitated the Hospital District's ability to provide these services. The "on call" arrangement benefited the Hospital District in at least two ways: (1) it enabled the Hospital District to provide radiology services at nights and on weekends; and (2) it enabled the Hospital District to provide these services at a lower cost to the Hospital District, in that it is doubtless less expensive to bring in "on call" personnel to provide radiology services at nights and on weekends than it would be to maintain a twenty-four hour per day, seven day per week radiology staff.

TEX.REV.CIV.STAT.ANN. art. 8309 § 1b (Vernon 1967) limits the definition of "injury sustained in the course of employment" with respect to injuries related to transportation or travel. Section 1b provides, in pertinent part:

> Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, *or unless the employee is directed in his employment to proceed from one place to another place,* such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.... (Emphasis added).

To recover under the Workers' Compensation law when, as in the instant case, transportation or travel is the basis of the claim for injury, a claimant must show that the

requirements of both section 1 and section 1b have been met. *Bottom*, 365 S.W.2d at 353–54. Consequently, the provisions of section 1 and section 1b are limited exceptions to the "coming and going" rule which allow a claimant, in those situations specified therein, to recover for travel-related injuries sustained in the course of his employment. The question before us, then, is whether the Hospital District has established as a matter of law that Smith's injuries were not suffered in the course of her employment.

Turning to section 1b, I would hold that Smith has, at the very least, raised a fact issue as to whether she was "directed in [her] employment to proceed from one place to another place." This provision of section 1b includes situations in which the employee proceeds from one place to another "under the terms of an employment which expressly or impliedly requires that he do so to discharge the duties of his employment." *Jecker v. Western Alliance Insurance Co.*, 369 S.W.2d 776, 779 (Tex. 1963). In this respect, Smith worked a regular, forty-hour, Monday through Friday work week. The law is clear that her travel to and from work during this regular work week is within the purview of the "coming and going" rule and, consequently, injuries incurred during such travel are not compensable because they fall within the range of risks to which all members of the traveling public are subject. In addition to her regular work week, however, Smith was "on call" for one week and weekend per month. While "on call" it was not unusual for Smith to be directed by her employer to come to the hospital to perform her radiology duties two or more times per twenty-four hour period. On the average, she was called back to the hospital about fifteen times per week. Smith's trips to and from the hospital while "on call" were made at the direction of her employer, pursuant to the terms of her "on call" employment, in order for Smith to discharge her duties at the hospital. By virtue of these numerous trips, Smith was subjected to a *greater* risk of injury during travel than were other members of the traveling public. Thus, the rationale underlying the "coming and going" rule does not apply to these trips made while "on call."

I would hold that Smith has at least raised a fact issue as to whether she was "directed in [her] employment to proceed from one place to another place" and, therefore, that the injury suffered by Smith during such travel falls within one of the specified exceptions to the section 1b provision mandating that a travel-related injury "shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment."

I am not unmindful of *Loofbourow v. Texas Employer's Insurance Association*, 489 S.W.2d 456 (Tex.Civ.App.-Waco 1972, writ ref'd n.r.e.), which is heavily relied upon by the Hospital District and by the majority in its opinion. *Loofbourow* does not, however, control the case at bar. *Loofbourow* concerned a nurse who was injured in an auto accident while on her way to work. She was "on call" and had been called in to the hospital to perform her duties. The Waco Court of Appeals held that, under section 1b, her injury was not compensable. Because all of her job duties were performed at the hospital, that court held that she was not directed "in her employment" to proceed from one place to another. *Loofbourow* is distinguishable from our case in two important respects. First, nurse Loofbourow was "on call" only—she was required to report to the hospital *only* when called in. In contrast, Smith, while "on call", was required to report to the hospital for her regular Monday through Friday work week *in addition to* reporting when called. Thus, the risks of travel-related injury to which Smith was exposed were greater than those to which Loofbourow was exposed. Second, Loofbourow was compensated by a monthly salary plus $30 for each twenty-four hour period during which she was "on call." Smith, in addition to being compensated at one and one-half times her regular hourly rate for the time spent on her radiology

duties at the hospital after being called in, was paid one hour "portal-to-portal" time for each trip to and each trip from the hospital made while "on call." "Portal-to-portal" time is defined by the Hospital District as "the *travel time* compensated for which is needed to transport an employee from their residence to the Hospital and back to their residence for work time over and above the ordinary scheduled day." (Emphasis added). This practice of paying employees for their travel time, both to and from the hospital, shows that the Hospital District considered an employee's travel that was necessitated by the hospital's direction to come in as being "in [the employee's] employment." At minimum, a fact issue has been raised.

In conclusion, Smith should not be penalized as a consequence of the Hospital District's decision to provide its night and weekend radiology services by means of the "on call" system, which exposed Smith to risks greater than those borne by the general traveling public. Accordingly, I would reverse the decision of the trial court and remand the cause for trial on the merits.