Riley v. Houst Gen Ins 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-084-CV

     LISA BETH RILEY, INDIVIDUALLY AND AS NEXT
     FRIEND FOR AMANDA GAIL RILEY, JENNIFER
     NICHOL RILEY, AND MICHAEL JOSEPH RILEY,
                                                                                              Appellant
     v.

     HOUSTON GENERAL INSURANCE CO.,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 91-1589-3
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal from a summary judgment granted in a workers' compensation case. 
Appellant contends that the court erred in granting the summary judgment because the evidence
raised a fact issue as to whether Roger Dale Riley was in the course and scope of employment at
the time of his injuries and death. Because we determine that the summary judgment evidence
established as a matter of law that Riley's injuries and death did not occur in the course and scope
of his employment, we affirm the judgment in favor of Houston General Insurance Company.
      The statutory beneficiaries of Roger Dale Riley sued to recover benefits after Riley's death
in a fire which began in his apartment while he was asleep. The summary judgment evidence
established that he was employed as a maintenance man at a Waco apartment complex. He worked
8:00 a.m. to 5:00 p.m., Monday through Friday. On occasion he would be assigned emergency
standby duty after 5:00 p.m.; however, he was not required to remain on the premises and could
come and go as he pleased as long as he took his pager with him. Riley was not compensated for
standby duty unless he actually responded to an emergency.
      Riley lived at the complex rent-free as part of his compensation. His employment did not
require him to live on the premises. If he had chosen to live elsewhere, his compensation would
have been adjusted accordingly. 
      The record shows that the fire, which was restricted to one of two bedrooms in Riley's own
apartment, occurred about 1:00 a.m. on December 27, 1989. According to the police report,
Riley was found unclothed, dead on the floor of the bedroom. The body of Riley's three-year-old
son was found inside the bedroom closet. The door of the closet had been barricaded by a
mattress and box spring. The boy was found face down, in his underwear, with third-degree burns
covering his entire body. Fire investigators concluded that the fire started in the bedroom closet;
matches were found on the closet floor. 
      The pattern of smoke damage indicated that the door to the bedroom had remained closed until
the fire was extinguished. The door knobs had previously been removed. Although Lisa Riley
testified that she and Riley had been sleeping in the same bedroom, a rag used as a wedge to keep
the bedroom door closed had remained in place, thus establishing that she and Riley had not been
sleeping in the same room at the time of the fire and that Riley had not left the room prior to his
death. Lisa Riley and the couple's two small girls escaped the apartment. One of the girls
sustained burns on her arms.
      The summary judgment evidence conclusively established that the fire was not a risk related
to Riley's employment. It had not originated elsewhere in the complex and spread to his
apartment. Riley was not performing any function for the complex at the time of the fire. Lisa
Riley specifically testified that he had not been doing anything for the complex at the time of the
fire. On Riley's death certificate, Lisa Riley had marked "no" in answer to whether an "injury
at work" had been involved in her husband's death.
      To recover workers' compensation benefits, a plaintiff must prove that the injury or death
occurred in the course and scope of employment. An injury occurs in the course and scope of
employment if it (1) is "of a kind or character originating in or having to do with the employer's
work" and (2) occurred while the employee was involved in furthering of the employer's business
or affairs. Biggs v. United States Fire Insurance Company, 611 S.W.2d 624, 627 (Tex. 1981). 
The claimant must show that the injury was related to or originated in the employer's work, trade,
business or profession. Texas General Indemnity Company v. Bottom, 365 S.W.2d 350, 352-53
(Tex. 1963). 
      Riley's death had nothing to do with and did not originate in the general maintenance of the
apartment complex. The undisputed circumstances surrounding Riley's death show that his death
resulted from hazards he encountered apart from the fact that he was an employee of the complex. 
The fire was not inherent or incidental to his job of attending to the general maintenance of the
apartment complex. See Jasper v. Texas Employers' Ins. Ass'n, 206 S.W.2d 646, 649 (Tex. Civ.
App.—Waco 1947, no writ). Riley was not furthering any business of his employer at 1:00 a.m.
as he slept in his own bed.
      Appellant contends that Riley was in the course and scope of his employment at the time of
the fire because he was "on call." However, "on call" duty is not enough to place an employee
in the course of employment. Banfield v. City of San Antonio, 801 S.W.2d 134, 136-37 (Tex.
App.—San Antonio 1990, no writ); Loofbourow v. Texas Employers' Insurance Ass'n, 489
S.W.2d 456, 457 (Tex. Civ. App.—Waco 1972, writ ref'd n.r.e.). The circumstances of the fire
as proven established that the risk of the fire was not peculiar to Riley's job or to the character of
the employer's business and that Riley had no duties after 5:00 or 5:30 p.m. but was simply "on
call." He had not been called upon to perform any service for his employer at the time of the fire. 
Nor has the "personal comfort" rule ever been extended to cover an employee who returns home
after a normal work day and goes to bed in his own apartment. North River Ins. Co. v. Purdy,
733 S.W.2d 630, 633-34 (Tex. App.—San Antonio 1987, no writ); Texas Employers' Ins. Ass'n
v. Prasek, 569 S.W.2d 545, 547-48 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). 

      The evidence conclusively established that Riley was off duty, though on call, and was
performing no function for his employer at the time of the fire. Riley was not subject to the risk
of the fire because of his employment, and his injuries and death were unrelated to his job as a
maintenance man at the apartment complex. We affirm the summary judgment. 
                                                                                PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed October 21, 1992
Do not publish