ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 12, 2011

The Honorable Jerry D. Rochelle
Bowie County Criminal District Attorney
Bowie County Plaza
Post Office Box 3030
601 Main Street
Texarkana, Texas 75504

Opinion No. GA-0877

Re: Responsibility for an individual who is the subject of an emergency detention order (RQ-0952-GA)

Dear Mr. Rochelle:

You inquire about law enforcement responsibility for an individual who is the subject of an emergency detention order.[1] Referring to an emergency detention order issued in response to a peace officer's application for emergency detention under section 573.002, Health and Safety Code, you first ask which law enforcement agency is responsible for overseeing the individual subject to the order. *See* Request Letter at 1.

Your brief indicates that members of the city police department and the county sheriff's department encounter persons who appear to be mentally ill and a danger to themselves or others. *See* Brief at 1. You also explain that these law enforcement officers regularly take such persons into custody and transport them to one of the two local hospitals.[2] *See id.* Your brief further states that the hospitals do not designate an employee who is responsible for preventing the person from leaving the hospital. *See id.* at 2. Finally, your brief explains that the Sheriff believes his department is not responsible for the person once the person has been delivered to the local hospital. *See id.* Rather, according to your brief, the Sheriff argues that his department is relieved of responsibility for the person and that responsibility is transferred to the city police department—because the hospitals lie within the city's jurisdiction. *See id.*

---

[1]*See* Letter and attached Brief from Honorable Jerry D. Rochelle, Bowie County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Mar. 8, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter" and "Brief," respectively).

[2]The brief indicates that these hospitals have been deemed suitable by the local mental health authority as required by section 573.001(d). *See* Brief at 3. *See also* TEX. HEALTH & SAFETY CODE ANN. § 573.001(d) (West 2010) (identifying facilities to which a person believed to be mentally ill may be taken); *id.* § 571.003(12) (defining mental health facility to include certain parts of a general hospital).

The Texas Mental Health Code, codified as subtitle C of title 7, Health and Safety Code, governs access to mental health care and treatment for mentally ill persons. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 571.001–578.008 (West 2010). Specifically, chapter 573 authorizes a peace officer,[3] without a warrant, to take a person into custody for the emergency detention if they appear to be mentally ill and pose a risk to themselves or others. *See id.* § 573.001. A peace officer who makes an emergency detention "shall immediately transport the apprehended person to: (1) the nearest appropriate inpatient mental health facility; or [if unavailable,] (2) a mental health facility deemed suitable by the local mental health authority." *Id.* § 573.001(d); *see also* Tex. Att'y Gen. Op. No. GA-0753 (2009) at 3 (concluding that an "inpatient mental health facility or a mental health facility is not statutorily authorized to require a peace officer to transport a person in custody under chapter 573 to a medical facility for a medical evaluation prior to taking that person to the mental facility"). Upon transporting the apprehended person to the mental health facility, the peace officer must immediately file an application for emergency detention and personally present it to a judge or magistrate. TEX. HEALTH & SAFETY CODE ANN. §§ 573.002, .012 (West 2010). The emergency detention warrant serves as an application for detention in a mental health facility. *Id.* § 573.012(f). The facility must "temporarily accept a person for whom an application for detention is filed" and perform certain examinations. *Id.* § 573.021(a); *see id.* §§ 573.021(b) (requiring preliminary examination within 48 hours), 573.021(c) (requiring physician to examine person within 12 hours); *see also id.* § 573.021(b) (providing that a person accepted for a preliminary examination may be "detained in custody" for specified time period).

Chapter 573 does not address your question. While chapter 573 imposes certain responsibilities on the mental health facilities that receive persons with mental illness, the Mental Health Code does not address a situation wherein the mental health facility is unwilling or unable to ensure persons remain safely in the facility while awaiting their preliminary examination. *See generally id.* ch. 573. Neither your briefing to this office nor our research has uncovered any provision in chapter 573 that imposes a duty on a particular law enforcement agency to oversee the person while the person remains in the hospital's care.

Because only the Texas Legislature is constitutionally empowered to make Texas law, this office is unable to construe a statutory requirement or duty when the Legislature has left the statute silent on the matter. *See Old Am. Cnty. Mutual Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004) (stating "because we presume that every word of a statute has been included or excluded for a reason, we will not insert requirements that are not provided by law"); *see also Goldman v. Torres*, 341 S.W.2d 154, 158 (Tex. 1960) (stating that reading language into a statute usurps the Legislature's power); Tex. Att'y Gen. Op. No. GA-0279 (2004) at 4–5 (recognizing the Attorney General's authority to render legal advice does not include authority to legislate). In this case, it is particularly difficult to imply a statutory requirement because the statute reflects a comprehensive

---

[3]You ask about only two law enforcement agencies, but under the Code of Criminal Procedure, a "peace officer" includes commissioned personnel from state, county, municipal, and other law enforcement agencies. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(1)–(36) (West Supp. 2010), *amended by* Act of May 5, 2011, 82d Leg., R.S., ch. 85, § 3.001, 2011 Tex. Sess. Law Serv. 366, 436–37 (to be codified at TEX. CODE CRIM. PROC. ANN. art. 2.12(1)–(36)).

scheme that the Legislature implemented to balance competing, compelling interests. *See Campbell v. State*, 68 S.W.3d 747, 760 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 85 S.W.3d 176 (Tex. 2002) ("Commitment to a mental hospital is a weighty curtailment of one's liberty. Such a restriction on liberty requires the protections afforded by due process.") (citation omitted); *see also* Tex. Att'y Gen. Op. No. JM-360 (1985) at 4 (describing statutory predecessor to Mental Health Code as "a comprehensive code designed to provide access to humane care and treatment for persons suffering from severe mental illness" that also "sets out to safeguard [the person's] legal rights"). Thus, we cannot advise you that chapter 573 places a duty to oversee an individual transported under section 573.002 on any particular law enforcement agency to the exclusion of another.

Notwithstanding the absence of a specific duty under the Health and Safety Code, generally speaking, all Texas peace officers have a duty to preserve the peace. *See* TEX. CODE CRIM. PROC. ANN. art 2.13(a) (West 2005) ("It is the duty of every peace officer to preserve the peace within the officer's jurisdiction."). Similarly, hospitals have some level of responsibility for their patients. *Cf. Boren v. Texoma Med. Ctr., Inc.*, 258 S.W.3d 224, 229 (Tex. App.—Dallas 2008, no pet.) (recognizing, in a tort context, that "[w]ithout the signed and executed detention order and warrant, Texoma had no lawful right to restrain, detain, or control" mentally ill patient). As a practical matter, we believe the Legislature intended for the Mental Health Code to facilitate teatment for mentally ill patients in an appropriate setting. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.002 (West 2010) (detailing purposes of the Mental Health Code including to "facilitate treatment in an appropriate setting"). The Legislature's intent is best served if area hospitals and relevant law enforcement agencies share responsibility for ensuring that persons in need of mental health services remain safely in the facility for the necessary treatment.

Your second question is: "[o]nce court-ordered mental health services are ordered and the sheriff's office is ordered to transport the individual, does the sheriff immediately assume oversight of the individual?" Request Letter at 1. You tell us that there often is a delay between "the time the order is entered [and] the time the person is transported to the receiving facility due to lack of beds at the receiving facility." Brief at 3. Court-ordered mental health services implicate chapter 574 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.001–.203 (West 2010) (chapter entitled "court-ordered mental health services"); *see also Shike v. State*, 961 S.W.2d 344, 346 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (recognizing that the Health and Safety Code distinguishes between "emergency detentions" and "court-ordered mental health services"). That chapter sets out the requirements for the provision of court-ordered, or involuntary, mental health services. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.001 (West 2010) (pertaining to the application for court-ordered mental health services), 574.031 (setting out general provisions relating to hearing on application), 574.034 (providing for order for temporary mental health services), 574.035 (providing for order for extended mental health services). The chapter also provides for the protective custody of a person who is the subject of an application for court-ordered mental health services. *See id.* §§ 574.021 ("Motion for Order of Protective Custody"), 574.022 (providing for issuance of protective custody order). Chapter 574 also provides for the apprehension and transportation of a person subject to a protective custody order. *See id.* §§ 574.023 (providing for apprehension), 574.045 (providing for transportation). Specifically, section 574.045(h) requires that

a "patient must be transported directly to the facility within a reasonable amount of time and without delay." *Id.* § 574.045(h); *see also id.* § 574.045(a) (listing persons appropriate to transport a committed patient or person detained under section 573.022 or 574.023, and including the sheriff or constable, if no other person listed is available). Apart from this provision, nothing in chapter 574 expressly states when the sheriff assumes oversight of the individual subject to court-ordered mental health services. Because the Legislature has not enacted a provision that specifically governs the situation explained in your brief, we can advise you only that chapter 574 requires the sheriff's office to transport a mentally ill person to a hospital within a "reasonable amount of time and without delay."

### S U M M A R Y

There is no provision in chapter 573, Texas Health and Safety Code, that expressly requires a particular law enforcement agency to oversee a mentally ill person once the person has been transported to a facility pursuant to a section 573.002 emergency detention order. Because the Legislature has not enacted a statute that requires a specific law enforcement agency to oversee mentally ill persons, we cannot advise you that chapter 573 places a duty on any particular law enforcement agency over another.

A sheriff's office must transport a person subject to court-ordered mental health services under chapter 574 within a reasonable amount of time and without delay.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee